IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CANINE CAVIAR PET FOODS, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-00677-L** |
| | § | |
| **PIED PIPER PET & WILDLIFE, INC.,** | § | |
| **individually and d/b/a** | § | |
| **PIED PIPER PET FOODS and** | § | |
| **PROFESSIONAL PACKAGING** | § | |
| **SYSTEMS LTD., individually** | § | |
| **and d/b/a PRO PAC and d/b/a** | § | |
| **QUAL PAC,** | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Defendant Pied Piper Pet & Wildlife, Inc.'s Motion to Transfer Venue of this Lawsuit from the Dallas Division to the Abilene Division of the United Stated District Court for the Northern District of Texas, filed June 8, 2009; and (2) Defendant Professional Packaging Systems, Ltd.'s Motion for Transfer of Venue, filed June 9, 2009. After careful consideration of the motions, briefs, record, and applicable law, the court **denies** Defendant Pied Piper Pet & Wildlife, Inc.'s Motion to Transfer Venue of this Lawsuit from the Dallas Division to the Abilene Division of the United States District Court for the Northern District of Texas, and **denies** Defendant Professional Packaging Systems, Ltd.'s Motion for Transfer of Venue.

**I.   Procedural and Factual Background**

This case arises from a breach of contract dispute. Plaintiff Canine Caviar Pet Foods, Inc. ("Plaintiff" or "Canine Caviar") is a pet food provider with its principal place of business in Costa Mesa, California. Canine Caviar does not own a manufacturing plant so it provides its pet food

**Memorandum Opinion and Order- Page 1**

formula to co-packers to manufacture and package the pet food that it sells worldwide.  Defendant Pied Piper Pet & Wildlife, Inc. ("Pied Piper") was a co-packer of Plaintiff's pet food for eight years; its principal place of business is in Hamlin, Texas, which is located in the Abilene Division of the Northern District of Texas.  "Plaintiff and Pied Piper entered into a valid and enforceable contract whereby Pied Piper agreed to manufacture, package, warehouse, and ship Canine Caviar products." Pl.'s Original Compl. ¶ 22.  Defendant Professional Packaging Systems, Ltd. ("Pro Pac") was another co-packer used by Plaintiff because Pied Piper did not have sufficient capacity to package all of Canine Caviar's pet food.  Pro Pac's principal place of business is in Grand Prairie, Texas, and it states that its business is located within the Fort Worth Division of the Northern District of Texas. "Plaintiff and Pro Pac entered into a valid and enforceable contract whereby Pro Pac agreed to package, warehouse, and ship Canine Caviar products." Pl.'s Original Compl. ¶ 26.

In late 2007, Canine Caviar received an increasing number of serious complaints from its consumers and distributors regarding the quality and packaging of its products.  Plaintiff alleges that it gave notice regarding all the complaints it received to Defendants.  Plaintiff also alleges that problems with the pet food continued after notice was given, that its pet food distributors canceled orders, and that its consumers refused to purchase its pet food.  Plaintiff further alleges that all of the pet food at issue was manufactured by Pied Piper at its plant in Hamlin and that some of the pet food at issue was packaged by Pro Pac at its facility in Grand Prairie.

On April 14, 2009, Plaintiff filed suit against Defendants Pied Piper and Pro Pac in the Dallas Division of the Northern District of Texas.  Plaintiff seeks relief for breach of contract, fraudulent inducement, negligent misrepresentation, negligence and negligence per se, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty

of fitness. On June 8, 2009, Pied Piper filed its Motion to Transfer Venue of this Lawsuit from the Dallas Division to the Abilene Division, contending that relevant documents, key witnesses, and local interests weigh in favor of transfer. On June 9, 2009, Pro Pac filed its Motion for Transfer of Venue from the Dallas Division to the Fort Worth Division, contending that a substantial portion of the facts underlying Plaintiff's claims occurred in Tarrant County. Plaintiff counters that venue is proper within the Dallas Division because its sole Texas distributor, Central Garden & Pet Co. ("Central Pet"), is located in Dallas and is relevant to this lawsuit because it terminated its business with Plaintiff after the alleged acts and omissions of Defendants occurred. The court considers whether this action should be transferred from the Dallas Division, and if so, whether it should be transferred to the Abilene Division or the Fort Worth Division pursuant to 28 U.S.C. § 1404(a).

## II.   Legal Standard-Transfer of Venue

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical

**Memorandum Opinion and Order- Page 3**

> problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

There is no question that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Dallas, Fort Worth, and Abilene Divisions, as well as four other divisions. *See* 28 U.S.C. § 124(a)(1)-(7). It is without cavil that venue is appropriate in this *judicial district*, the Northern District of Texas. The question that must be resolved is whether an intradistrict transfer should occur from the Dallas Division to the Fort Worth Division or to the Abilene Division.[*]

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 667 (S.D. Tex. 1999); however, a court may not

---

[*]The Dallas Division consists of the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall. The Fort Worth Division consists of the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise. The Abilene Division consists of the counties of Callahan, Eastland, Fisher, Haskell, Howard, Jones, Mitchell, Nolan, Shackleford, Stephens, Stonewall, Taylor, and Throckmorton. 28 U.S.C. § 124(a)(1), (2), (3).

**Memorandum Opinion and Order- Page 4**

attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. The court determines that this action could have been originally filed in both the Fort Worth Division and the Abilene Division, and now considers the eight factors to determine whether it should be transferred to either division.

## III.   Analysis

### A.   Private Factors

#### i)   Access to Sources of Proof

The court first considers which district provides the greatest "relative ease of access to sources of proof." *In re Volkswagen*, 371 F.3d at 203. Pied Piper contends that most of the key documents related to this lawsuit are located in Hamlin because all of the meetings that took place between the parties and all of the manufacturing of the pet food occurred at its plant there. Plaintiff counters that only some of the key documents are located in Abilene and that many of the key documents and other evidence relevant to the case are located outside of the Abilene Division. Plaintiff and Pro Pac respond that innovation in copying technology and information storage allows easy transfer of the relevant documents located in Hamlin to Dallas or Fort Worth.

Pro Pac contends that a substantial portion of the contact at issue occurred in Grand Prairie because it packaged the pet food at its plant there, making Fort Worth the proper venue. Pied Piper responds that Pro Pac only packaged some of the pet food at issue; therefore, only some of the acts and omissions alleged by Plaintiff occurred in Grand Prairie. Plaintiff responds that "Pro Pac's facilities are narrowly within the Fort Worth Division" and that "Prop Pac is actually closer to the

**Memorandum Opinion and Order- Page 5**

Dallas Division courthouse (19 miles) than the Fort Worth Division Courthouse (21.3 miles)." Pl.'s Resp. (doc. 11) ¶ 8.

Hamlin is the location where all of the manufacturing and some of the packaging of the pet food at issue occurred and where all of the meetings between Plaintiff and Pied Piper took place. All of the orders, contracts, production plant records, and test reports regarding the pet food are located in Hamlin. None of the manufacturing or packaging of the pet food occurred in Dallas, and some of the packaging of the pet food occurred in Grand Prairie. Because Hamlin is the location where the majority of the key documents to this lawsuit is located, the court determines that Abilene is the district that provides the greatest ease of access to sources of proof. Plaintiff will equally be inconvenienced in any division because its documents and witnesses are located in California. Accordingly, the court finds this factor weighs in favor of transfer to the Abilene Division.

### ii).     Availability of Compulsory Process to Secure Attendance of Witnesses

Pied Piper contends that this factor weighs in favor of venue in Abilene because only Pro Pac's employees would be within the court's 100-mile compulsory subpoena range if the case were tried in the Dallas or Fort Worth Division. Plaintiff responds that if the case was transferred to Abilene, only Pied Piper's witnesses would be within the court's 100-mile compulsory subpoena range. Plaintiff argues that Dallas is the proper venue because "Central Pet's employees may not testify voluntarily. If this case is transferred to Abilene, Central Pet's employees will be outside the court's subpoena power and Plaintiff will lose their testimony." Pl.'s Resp. to Def.'s Motion to Transfer Venue ¶ 17. Pro Pac counters that Pied Piper's employees would be subject to a subpoena issued by any court for the Northern District of Texas pursuant to Rule 45(b)(2) of the Federal Rules of Civil Procedure because its employees are located in the Northern District of Texas.

Rule 45(b)(2) of the Federal Rules of Civil Procedure provides: "A subpoena may be served at any place within the district of the court by which it is issued, or at any place . . . within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena." The rule also provides, however, that "[w]here a non-party must travel more than 100 miles to attend trial, the court may, to protect the person, quash or modify the subpoena." Fed. R. Civ. P. 45(c)(3)(B)(iii).

Under Rule 45(b)(2) of the Federal Rules of Civil Procedure, the Dallas, Abilene, and Fort Worth courts have subpoena power over Pro Pac and Pied Piper's witnesses because they are parties located within the Northern District. The only nonparty witnesses identified are Central Pet's employees, and they are located within 100 miles of both the Dallas and Fort Worth Divisions. If the case were transferred to Abilene, Central Pet employees could move to quash any subpoena because they are located more than 100 miles from that court. In that case, the rule does allow the court to "quash or modify the subpoena if it requires . . . a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." Fed. R. Civ. P. 45(c)(3)(iii). Plaintiff's witnesses are in California, and thus each of the three divisions is equally inconvenient. Taking all of these facts into consideration, the court finds that this factor weighs in favor of transfer to Dallas or Fort Worth.

### iii).    Cost of Attendance for Witnesses

Pied Piper contends that the cost to it for its witnesses to attend a trial in Dallas or Fort Worth will be significantly higher than if the trial was held in Abilene due to the costs of the daily drive to the courthouse, motel expenses, and meal expenses. Pied Piper argues that its witnesses would lose more time from work if the trial is not transferred to the Abilene Division. Plaintiff

counters that the Dallas Division is more convenient for Central Pet employees because its plant is located in Dallas, as are customers who have key facts regarding the pet food. Plaintiff argues that its employees would have to catch a connecting flight to travel from California to Abilene, which increases the flight time by thirty-five minutes. Pro Pac contends that no additional costs would be incurred by Plaintiff if the case was transferred to the Fort Worth Division because it would not have to catch a connecting flight, and that travel costs would be lessened for Pied Piper in traveling to Fort Worth as opposed to Dallas since Abilene is closer to Fort Worth.

The court agrees with Pro Pac. Pied Piper's travel and cost would be less of an inconvenience if transferred to the Fort Worth Division because it is closer in proximity than the Dallas Division. Plaintiff's witnesses would incur little or no additional costs in the transfer to the Fort Worth Division because they can catch a direct flight from California to Fort Worth, as opposed to having to catch a connecting flight to Abilene. Plaintiff has provided evidence that its sole distributor in Texas, Central Pet, is located in the Dallas Division. The convenience to nonparty witnesses is of particular importance. *Seeberger Enters., Inc. v. Mike Thompson Recreational Vehicles*, 502 F. Supp. 2d 531, 539 (W.D. Tex. 2007) (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 3851 (3d ed. 1998). Plaintiff also contends that because Central Pet terminated its distribution of Canine Caviar, it was damaged in the Dallas Division. Pied Piper's witnesses would be the only party to benefit if the case is transferred to Abilene. Accordingly, the court finds that this factor weighs in favor of transfer to the Dallas Division.

### iv).    All Other Practical Problems

The court notes that Pro Pac indicated that its counsel is located within the Fort Worth Division and that Pied Piper indicated that its counsel is located across the street from the Abilene courthouse where key documents can be stored. Location of counsel, however, is irrelevant and should not be considered by the court when deciding whether to transfer venue. *In Re Horseshoe Entm't*, 337 F.3d at 434. Therefore, the location of Defendants' counsel is not considered by the court in this analysis. Accordingly, the court determines that there are no additional practical concerns weighing in favor of transfer and finds this factor to be neutral.

### B.    Public Factors

### i).    Administrative Difficulties Flowing from Court Congestion

Pied Piper contends that the Abilene courts are less congested because they rarely conduct hearings on motions and make prompt decisions following the filing of motions and accompanying briefs. It maintains that the civil docket is light in Abilene and that trial can be obtained about one year from the date of filing. Plaintiff responds that Pied Piper has offered no comparison to the Dallas Division for support of its claim.

Pied Piper fails to provide any information indicating that there are any administrative difficulties in the Dallas Division or Fort Worth Division in support of its claim that Abilene has a lighter civil docket. Pro Pac does not address this factor in regards to the Fort Worth Division. Because neither Defendant provided information indicating that Dallas is more congested than Abilene or Fort Worth, the court determines that this factor does not weigh heavily in this analysis. Accordingly, the court finds this factor to be neutral.

### ii).   Local Interest in Having Localized Interests Decided at Home

Pied Piper contends that all the events surrounding the orders, preparation, and production of the pet food subject to this lawsuit took place within the Abilene Division, and therefore residents of Abilene have an interest in the matter. Pro Pac responds that a substantial portion of the contact between the parties occurred in Grand Prairie and the residents of Fort Worth have an interest in this lawsuit. Both Defendants contend that there is no meaningful connection to the Dallas area because no party to this lawsuit is a resident or has a principal place of business in Dallas and because none of the alleged acts or omissions took place in Dallas. Plaintiff counters that Dallas has an interest in this lawsuit because Central Pet was the sole Texas distributor of the pet food manufactured and packaged by Defendants, and it terminated its business with Plaintiff when complaints were received regarding its pet food. Plaintiff argues that it lost many customers in Dallas that have key facts regarding its pet food. Abilene and Fort Worth are the locations where all or a substantial amount of the alleged acts and omissions took place and have more interest in the outcome of this case. Accordingly, the court finds that this factor weighs in favor of transfer to the Abilene and Fort Worth Divisions equally.

### iii).   Familiarity with Governing Law and Avoidance of Unnecessary Conflict of Laws

The requested transfer is an intradistrict division transfer, therefore the same law applies in all three venues. Accordingly, there is no conflict of laws and the court finds both these factors to be neutral.

## IV.   Conclusion

Of the eight factors considered, the court determined that four are neutral; one weighs in favor of transfer to Dallas; one weighs in favor of transfer to Abilene; one weighs in favor of transfer

**Memorandum Opinion and Order- Page 10**

to Dallas and Fort Worth equally; and one weights in favor of transfer to Abilene and Fort Worth equally. The court therefore finds that the private and public interest factors, on balance, weigh in favor of keeping this case in Dallas, in part because it weighs more heavily the convenience to nonparty witnesses. The court determines that neither Defendant has carried its burden in showing that transfer to either Fort Worth or Abilene is more convenient, and that granting a motion to transfer within a judicial district merely shifts inconvenience from one party to another. Given the short distance between Dallas and Fort Worth, the court determines that keeping the case here is appropriate. As the Fifth Circuit held in another case, "[t]his case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States." *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that transfer of more than 200 miles was within sound discretion of trial court). Trial in Dallas will be more convenient for nonparty witnesses, and while Pro Pac and Pied Piper may suffer some inconvenience, they have not carried their burden and demonstrated that transfer is appropriate. Accordingly, the court will not transfer this case from the Dallas Division. The court therefore **denies** Defendant Pied Piper Pet & Wildlife, Inc.'s Motion to Transfer Venue of this lawsuit from the Dallas Division to the Abilene Division of the United States District Court for the Northern District of Texas, and **denies** Defendant Professional Packaging Systems, Ltd.'s Motion for Transfer of Venue.

   **It is so ordered** this 19th day of August, 2009.

                                             *Sam A. Lindsay*
                                             Sam A. Lindsay
                                             United States District Judge