IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CANINE CAVIAR PET FOODS, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-677-L** |
| | § | |
| **PIED PIPER PET & WILDLIFE, INC.** | § | |
| Individually d/b/a Pied Piper Pet Foods, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Unopposed Motion for Leave to File Third Amended Complaint, filed March 22, 2011. For the reasons herein stated, the court **denies** Plaintiff's Unopposed Motion for Leave to File Third Amended Complaint.

Plaintiff Canine Caviar Pet Foods, Inc. ("Plaintiff") seeks leave to file its Third Amended Complaint. This action is set for trial on the court's four-week docket for May 2011. Plaintiff relies on Rule 15(a)(2) of the Federal Rules of Civil Procedure. Rule 15 does not govern this motion because the court has issued several scheduling orders in this case, and the time to amend pleadings has long passed.

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a), the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the

deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

Plaintiff relies solely on Rule 15(a), which is the incorrect rule. At this juncture Rule 16(b) applies; however, Plaintiff has not discussed the "good cause" standard under Rule 16. The court, therefore, is unable to determine whether it should modify the scheduling order to allow an amendment to Plaintiff's Second Amended Complaint.[*] Accordingly, the court **denies** Plaintiff's Unopposed Motion for Leave to File Third Amended Complaint.

**It is so ordered** this 30th day of March, 2011.

Sam A. Lindsay
United States District Judge

---

[*]That the parties have agreed to the motion is quite beside the point. The court must make an independent determination that good cause exists to modify the scheduling order.